TERRITORY OF ARIZONA, RESPONDENT, *v.* WILLIAM GERTRUDE, APPELLANT.

CHARGE TO JURY IN CRIMINAL CASE MUST BE IN WRITING, signed by the judge, and filed with the papers in the case, and the record in the case must show that such charge was read to the jury, or that the defendant in open court consented that the charge should be given verbally.

APPEAL from the second judicial district. The facts are stated in the opinions.

*G. H. Oury*, for the appellant.

Under the laws of this territory, the qualification of a juror is, among other things, that he be a citizen of the United States. Howell's Code, 294, sec. 4. In criminal cases involving capital punishment, greater laltitude should be allowed the defendant in the preparation and conduct of his defense than in ordinary cases. *Hollingsworth* v. *Duane*, 4 Dall. 353.

Where an alien has acted the part of a juror without the possible knowledge of the defendant, the defendant having exhausted all the means in his power to discover the fact,

the verdict is illegal, and no judgment can rightfully be pronounced thereon. *Guyskowski* v. *People*, 1 Scam. 476; *Borst* v. *Beecker*, 6 Johns. 332; *Presbury* v. *Commonwealth*, 9 Dana, 203. As to the general principles touching the validity of the acts of an alien juror, see 2 Graham and Waterman on New Trial, 277.

*J. E. McCaffry*, attorney general, for the respondent.

The record does not show that any one of the jurors in this case was in any respect incompetent; nor is incompetency shown outside of the record. It is simply charged from the fact that one of the jurors was not a citizen, although he had the right to become a citizen at any moment, and supposed he was so. No presumption arises that the defendant was in any manner prejudiced, or did not receive a fair trial. Alienage is a ground of challenge to a juror, but is not a ground for a new trial. *Rex* v. *Sutton*, 15 Eng. Com. L. 208; 1 Archbold's Cr. Pr. 516. A juror can not object to serving upon the ground that he is an alien. 1 Brightly's Fed. Dig. 507, title, Jury, sec. 9. A new trial will not be granted because one of the jurors was an alien. 1 Brightly's Fed. Dig. 678, title, Practice, sec. 537. That which is ground for challenge to a juror is not always ground for a new trial; for instance, the fact that one of the jurors was an alien or a non-resident. 3 Wharton's Crim. Law, sec. 3220.

By Court, TITUS, C. J.:

This is an appeal by William Gertrude from a judgment of death pronounced upon him by the district court of the second judicial district of Arizona, on a trial for murder.

There was no assignment of error, and the case was submitted on briefs without oral argument. On inspection of the transcript, however, it does not appear that the charge of the judge before whom the case was tried was in writing and read to the jury; nor does it appear that the defendant consented in open court, or otherwise, that the charge should be given verbally.

The law of Arizona, sec. 368, Compiled Laws, p. 137, proceedings in criminal cases, is as follows: "The charges of the court to the jury shall be in writing, signed by the judge

and filed with the papers in the case, unless the defendant consent in open court for the charges to be given verbally."

This court has decided at its present term, in the cases of the *Territory* v. *Michael Kennedy*, and the *Territory* v. *Milton B. Duffield*, felonies not capital, that the record must show on appeal in such cases as these that the charge was in writing and read to the jury, or that the defendant consented in open court that the charge should be verbally given.

It is the opinion of this court, in the present case, that if the record must show these things in cases such as those, *a fortiori* it ought to show the same things in cases such as this, whose penal consequences are so much more severe, and that the record failing to show them in this case, the judgment ought to be reversed.

The judgment of the district court is therefore reversed, and the cause remanded for a new trial.

REAVIS, J., delivered the following dissenting opinion:

The appellant, William Gertrude, was tried and convicted of the crime of murder at the November term, 1871, of the district court of Yuma county.

The proceedings at and during the trial, so far as the record shows, were in all respects regular, and the error complained of on the part of the appellant appears, from the statement on appeal, to have occurred after the sentence and judgment was pronounced and entered of record.

Therefore, so far as the record of the trial is concerned, no question is presented for our consideration, and our attention will be directed to the action of the court below subsequent thereto.

We are asked to reverse this judgment for the following reasons, to wit:

1. Because one of the jurors who sat on the trial of this case was not at that time a citizen of the United States.

2. Because the court below refused to grant a new trial on motion for that purpose made and filed after the sentence of the law and the judgment of the court thereon had been pronounced upon the defendant and entered of record.

The facts, as we have been able to gather them from the record, are as follows: Several days after the judgment, and while the court was still in session, Jacob Fisher, one

of the jurors who tried the case, presented himself in the United States district court, then also in session in that district, and made application and was admitted to citizenship, under the provisions of an act of congress providing for the naturalization of aliens who had served in and had received an honorable discharge from the army of the United States during the late civil war, by a petition in a competent court showing that fact, without further proceedings. The court very soon afterwards adjourned until the fourth Monday of the following December.

The facts, as above stated, having come to the knowledge of counsel for appellant, and the presiding judge being temporarily absent from the county, application was in the interim made to a commissioner of the court for leave to file a motion, *nunc pro tunc*, for a new trial, which was granted.

It is not our purpose to inquire into the power of a court commissioner to grant such leave, as the determination of that question, in my opinion, can in no way affect the result in the disposition that I think should be made of this cause.

The motion, together with the affidavits of counsel for the defendant, was filed at the assembling of the court in December, and a hearing was had thereon. The court below overruled the motion for a new trial, on the ground that it had come too late and could not be entertained, to which ruling counsel for appellant excepted, and the case comes here on appeal. Was it error on the part of the court below in overruling the motion? Sec. 410 of the criminal code provides that a motion for a new trial must be made before the judgment is entered, and this I believe to be the settled authority on the subject. I might stop here; but as the legal status of the juror Fisher has been urged upon our attention with earnestness by counsel for appellant, I am disposed to examine this question, although it is a matter of some doubt whether it is properly before this court for adjudication.

In the affidavit of counsel for appellant, filed in support of the motion for a new trial, we find, among other things, the following statement of facts: "That Jacob Fisher was regularly sworn in as a juror to try said case; that said Jacob Fisher, upon examination under oath, answered affirmatively that he was a citizen of the United States." This

declaration of citizenship seems to have been made by the juror when examined on his oath touching his qualifications to serve as a juror in that case. No challenge for cause could be interposed for that reason, and so far as the court and counsel were advised, Fisher was a competent juror, and was sworn on the panel.

There is nothing on the record to show, nor are we advised by the affidavits of appellant's counsel, that the juror in question willfully deceived the court in order to sit on the trial as a juror, or that he was guilty of moral turpitude in connection therewith.

But what evidence have we before us that Fisher was not a citizen of the United States at the time of the trial? All that we have been able to gather on that point is the following additional statement in the affidavit of appellent's counsel before mentioned, to wit:

"That subsequently [to the trial], to wit, on the eleventh day of November, 1871, said Jacob Fisher appeared before the clerk of the United States district court for the purpose of naturalization; that trial of the above cause was had upon the seventh day of November, 1871; that the time for filing notice of motion for new trial had elapsed before the knowledge of the foregoing facts, to wit, the non-naturalization of said Fisher, had come into the possession of the defendant or his attorneys, or either of them."

These are the facts as they appear in the record on the subject of the citizenship of the juror Fisher.

If the determination of that fact were material in this case, would this court be justified in holding that, because the juror had appeared in the United States district court for the purpose of naturalization, he was, for that reason, incompetent to sit upon a jury that had tried a case a few days before? In other words, is that fact itself conclusive of the alienage of the applicant? I do not think so.

It is not difficult to see how the ends of justice might be always thwarted if a rule so dangerous as this should obtain. There is nothing in the law to prevent any man who has served in the army of his country, and has an honorable discharge therefrom, from going into any court in the United States of competent jurisdiction, and, in the mode provided by the statute, be admitted to citizenship, no matter whether

the place of his birth is beyond the blue water, in another hemisphere, or on the soil of America; and the fact of his having done this is not conclusive evidence that he was not a citizen before.

But if we give the appellant the full benefit of the exception and waive all irregularity in its presentation, both in the court below and in this court, is it ground for the reversal of the judgment? I think not.

In the case of *Rex* v. *Sutton*, 15 Eng. Com. L. 208, it was held that "alienage is ground for challenge, but is not ground for new trial."

The same authority may be found in 1 Archb. Cr. Pr. 516. "A juror can not object to serving on the ground that he is an alien." 1 Brightly's Fed. Dig. 507, title, Jury, sec. 9. "A new trial will not be granted because one of the jurors was an alien." Id. 678, title Practice, sec. 537.

That which is ground for challenge to a juror is not always ground for new trial; for instance, the fact that one of the jurors was an alien or non-resident. 3 Whart. Cr. L., sec. 3220.

That Fisher was a competent juror, under the circumstances, I have no doubt, both upon reason and authority. I am unable to find, on a careful inspection of the record, that any substantial right of the defendant has been prejudiced in the trial of this cause in the court below, and am therefore of the opinion that the judgment should have been affirmed.